**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

PUTCO, INC.,

    Plaintiff,

v.

CARJAMZ COM INC.,

    Defendant.

Civil Action No. 3:20-cv-50109

District Judge Iain D. Johnston

Magistrate Judge Lisa A. Jensen

**MEMORANDUM IN SUPPORT OF CARJAMZ'S MOTION FOR A PROTECTIVE
ORDER CONCERNING PUTCO'S UNDULY BURDENSOME, VAGUE AND
<u>IRRELEVANT 30(b)(6) TOPICS</u>**

## I. INTRODUCTION

Because Putco propounded unduly burdensome, overly broad, vague and irrelevant 30(b)(6) topics, Putco must now seek a Protective Order under Rule 26(c). In particular, Putco propounds topics such as "[a]ll information related to Race Sport's knowledge and understanding of the market in which the Accused Infringing Products compete or have competed." Carjamz (which does business under the name Race Sport) is a company with fourteen full time employees; assembling a person with such knowledge is <u>impossible</u>. The attempts of Carjamz's counsel to explain this to Putco fell on deaf ears, and now Carjamz is forced to request the Court's assistance with this and other improper topics for a 30(b)(6) deposition, which was noticed for January 21, 2021.

## II. THE LAWSUIT

Putco filed a single claim asserting patent infringement of two patents – U.S. Pat. Nos. 9,243,796 and 9,995,473 – against Carjamz. The patents address LED Kits for vehicles and accuse two separate lines of Carjamz products on infringement – the Premier Penetrator line of LED headlight kits – a design from a foreign company that Carjamz purchases and resells, and the GEN4 line of LED kits, which Carjamz designed.

Carjamz presently employs fourteen people and has millions of dollars in annual sales. Carjamz presently sells more than seven thousand (7000) products, targeting all types of vehicles, including cars, trucks, motorcycles and ATVs. Just within LED headlights, Carjamz deals in more than ten lines of products, with a total of more than one hundred seventy different products.

## III. LEGAL STANDARD

Rule 30(b)(6) authorizes litigants to name a business entity as a deponent. Fed. R. Civ. P. 30(b)(6). Doing so places a duty upon the business to designate an individual to testify on behalf of the business, and to educate that individual so that she has knowledge that is responsive to the requests set forth in the 30(b)(6) notice. *Id.*

While the Rules do not permit a recipient of discovery to fulfill its discovery obligations by failing to conduct a search for answers and then stating it does not know the answer, a business that receives a 30(b)(6) notice is not required to muster all factual evidence to prepare a witness to testify regarding a defense or a claim. *In re Independent Svc. Org. Antitrust Litig.*, 168 F.R.D. 651, 653-54 (D. Kan. 1996)

In the Seventh Circuit, Rule 30(b)(6) requires that "the requesting party must take care to designate, with *painstaking specificity,* the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058, n5 (7th Cir. 2000)(quoting *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000))(emphasis added).

> An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. To avoid liability, the noticed party must designate person knowledgeable in the areas of inquiry listed in the notice. Where, as here, the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.

*Reed v. Bennett,* 193 F.R.D. 689, 692 (D. Kan. 2000).

The outer bounds of Rule 30(b)(6) is also limited by Rule 26, which states "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *Preitauer v. Am. Family Mut. Ins. Co.*, Civil Action No.: 1:20-cv-00845-RM-SKC, at *3 (D. Colo. Dec. 29, 2020) ("The proper scope of a Rule 30(b)(6) deposition is further limited by the proportional needs of the case.").

The district court has discretion to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. Rhinehart*, 467 U.S. 20, 36 (1984). Rule 26(c) states only that good cause is required to issue a protective order. *Id*. at 37. To decide whether good cause exists, the district court must balance the interests of the parties, the harm to the party seeking the protective order, and the importance of disclosure to the non-moving party. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997).

IV. **ARGUMENT**

Carjamz seeks a protective order to preclude a 30(b)(6) deposition based on the disputed topics of Putco's 30(b)(6) deposition notice. The disputed topics are far too vague and broad to meet the "painstaking specificity" standard of the Seventh Circuit. In addition, many topics seek information that is beyond the outer bounds of the Rule 26 limits for discovery in general.

Each disputed topic is set forth below. Putco should be required to draft a new 30(b)(6) request with no more than ten topics, each of which should be required to meet the "painstaking specificity" standard of the Seventh Circuit.

      **a. The entirety of Putco's 30(b)(6) notice should be stricken for not having a defined time limit.**

Putco has refused to constrain its inquiries for the topics of its 30(b)(6) deposition notice to any reasonable time period. During the meet-and-confer, the best that Putco would offer is to constrain the period to the first time that Carjamz actually "sought to add LED headlights to its product line." Exhibit 1, Meet-and-Confer Email Chain at p. 15. This period encompasses more than twelve years, which is far more than is relevant for the small dollar amount dispute encompassed by this lawsuit, and even stretches before the filing date of the patents-in-suit. Declaration of Steve Jergensen, ¶ 7. Accordingly, the entirety of Putco's 30(b)(6) should be discarded, and Putco should be required to reserve the notice with a reasonable time limit. *Ball Corp. v. Air Tech of Mich., Inc.*, 329 F.R.D. 599 (N.D. Ind. 2019)(time frame limited to reasonable period given dollar value of case).

> **b. Topic 2: All information relating to any joint defense agreement or third-party funding of court costs, attorneys' fees, and/or defense costs incurred by Defendant in *Putco, Inc. v. Carjamz Com Inc.*, Case No. 3:20-cv-50109 (N.D. Illinois).**

The information sought by this topic is not only overbroad – it is also completely irrelevant. Moreover, this type of information is far more amenable to an interrogatory than a 30(b)(6) topic. Nonetheless, as a compromise, Carjamz offered to prepare a witness to testify on whether Carjamz has entered into a joint-defense agreement with regard to this case, or whether any other entity has contributed to its legal fees. Putco turned down this reasonable offer, and instead insisted that the witness must be able to testify to all efforts to obtain such an agreement or funding, including <u>all</u> communications on the same subject. Putco claims that this information will somehow support its flimsy allegations of willful infringement. On this point, Putco proffered no precedent supporting its contention, and the undersigned counsel was not able to locate

5

any precedent establishing that a joint defense agreement or external funding from a third-party – Chinese or otherwise – has any bearing on whether patent infringement is willful. Carjamz respectfully submits that a request for "all information" on this topic does not meet the "painstaking specificity" standard of the Seventh Circuit. *Kalis* at n5. This topic is irrelevant and overbroad, and Putco should not be allowed to pursue it. *Reed* at 692.

> **c. Topic 5: All information related to market share, loss and potential loss of market share by Putco, and other alleged and/or potential harm to Putco by Race Sport's offer and sale of Accused Infringing Products.**

This topic is clearly overbroad. All information known to all of Carjamz about Putco's market share is not a realistic topic. This topic further requests all information about "loss and potential loss of market share by Putco, and other alleged and/or potential harm to Putco" due to Race Sport's offer and sale of Accused Infringing Products. The latter portion of the topic is not only overbroad – in particular, it requests all information known to Carjamz instead of asking for relevant information or information that Carjamz intends to use in defense of this case – it is also unduly burdensome as this topic is better addressed using a contention interrogatory or during expert discovery. *Schyvincht v. Menard, Inc.*, No. 18 CV 50286 (N.D. Ill. July 10, 2019) at *4. Carjamz respectfully submits that a request for "all information" on this topic does not meet the "painstaking specificity" standard of the Seventh Circuit and does not allow Carjamz to determine the outer bound of this request. *Kalis* at n5. If this case is not stayed, and if Putco's patents are not invalidated by the pending IPRs, then, at some point, this case will enter into expert discovery, and Carjamz will likely proffer an economist that will author a report addressing this issue. That is a far more appropriate

way to address this topic than by asking an employee of Carjamz to speculate on this issue, or by answering "Carjamz has no information on any such loss or harm at this time, but reserves the right to offer an expert on such issue at the appropriate time," which is the likely outcome of any deposition on this point.

      **d. Topic 6: All information related to Race Sport's disregard and/or indifference to the Patents-at-Issue and reason(s) underlying its determination [sic to] continue to sell Accused Infringing Products after Putco's notice of 2016 and notice as set forth in the Complaint underlying this litigation.**

This topic is overbroad and argumentative. It asks for all information rather than relevant information or information that Carjamz might offer up in this case, which clearly encompasses irrelevant material, such as the quality of sleep that executives at Carjamz had the night before receiving Putco's original letter, etc. Carjamz respectfully submits that a request for "all information" on this topic does not meet the "painstaking specificity" standard of the Seventh Circuit. *Kalis* at n5. Also, this topic is argumentative – the use of the term's "disregard and/or indifference" are argumentative and likely to lead to a shouting match rather than useful information if a Carjamz employee should testify - and should be stricken for that reason as well. *Clauss Constr. v. UChicago Argonne LLC*, 13-cv-05479 (N.D. Ill. Jan. 13, 2015) at *4-5.

      **e. Topic 7: Race Sport's knowledge of LED headlight kits, including, but not limited to: LED headlight kits having solid metal heat sinks, LED headlight kits with flexible heat sinks, and dates Race Sport acquired said knowledge.**

This topic is incredibly overbroad. Putco asks Carjamz to testify on an incredibly broad topic that encompasses numerous products that Carjamz sells that have nothing to do with this lawsuit, including numerous headlight kits that use solid metal heatsinks, which Putco has not alleged infringe the patents-in-suit. Declaration of Steve

Jergensen, ¶¶ 10-13. In addition, Putco asks Carjamz to go through the burdensome exercise of attempting to piece together when people at Carjamz became aware of different LED headlight kits – a process that could take a week or longer in and of itself. Declaration of Steve Jergensen, ¶ 13. This topic is clearly overbroad and should be stricken. *Reed* at 692.

    **f. Topic 12: Race Sport's use of the Gen4 mark, and knowledge of the use by third-parties of the use of the Gen4 mark, further including Race Sport's Trademark Reg. No. 4,863,274.**

This topic is overbroad and irrelevant. This is a patent case – Carjamz's GEN4 trademark has nothing to do with this case at all. As set forth above, Putco appears to be attempting to manufacture out of whole cloth a willfulness theory based on various Chinese companies' licensing or infringement on Carjamz's mark. Exhibit 1, Meet-and-Confer Email Chain at pp. 13-14. Putco has cited no precedent on this point, and the undersigned counsel was not able to locate any precedent on how the licensing or infringement of the trademark of a defendant in a patent lawsuit can contribute to a finding of willful infringement. In addition, the information alleged to be sought by this topic can be more easily obtained by an interrogatory; i.e., "Set forth all authorized uses of Carjamz's GEN4 trademark protected by U.S. Trademark Reg. 4,863,274." Accordingly, this topic should be stricken.

    **g. Topic 18: Race Sport's current and historic sourcing, manufacturing, assembly, and/or distribution of the Accused Infringing Products and LED headlight kits with a solid metal heat sink.**

This topic is overbroad and irrelevant. Again, Putco asks about Carjamz's "current and historic…LED headlight kits with a solid metal heat sink." Putco has not accused all current and historic products sold by Carjamz with a solid metal heat sink of

infringement. During the meet-and-confer, Putco alleged that the prior art raised in the Petition for *Inter Partes* Review includes art with a solid metal heat sink, which makes this topic fair game. Carjamz disagrees with this statement – the closest thing to prior art with a solid metal heat sink that was raised in the IPRs is U.S. Pat. Publ. No. 2014/0063829 ("Kushalappa"), which also includes a flexible heat sink – but even if Putco did raise prior art that relied on a solid metal heat sink, as opposed to the flexible heat sinks at issue in this matter, that would not make an inquiry into all products ever offered for sale by Carjamz with a solid metal heat sink appropriate – it is simply too broad of a topic and should be stricken. *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp*., Inc., 1:15-cv-00211 (LGS) (SDA) (S.D.N.Y. Jan. 30, 2018) at *4 (30(b)(6) depositions are not meant to be a memory contest).

> h. **Topic 19: All information relating to dealers authorized to distribute LED headlight kits on behalf of Race Sport.**

This topic is overbroad and irrelevant. Putco asks for all information about Carjamz's dealers, which would include clearly irrelevant information, such as emails wishing a distributor a Merry Christmas, and other personal subjects, as well as irrelevant work topics, such as the state of manufacturing in the Flint, Michigan area. Carjamz respectfully submits that a request for "all information" on this topic does not meet the "painstaking specificity" standard of the Seventh Circuit. *Kalis* at n5. Accordingly, this topic seeking all information about Carjamz's dealers is simply too broad of a topic and should be stricken. *Syntel* at *5.

> i. **Topic 20: All information relating to any agreements, contracts, licenses, and/or assignments regarding the Patents in Suit or any patents of similar subject matter to the Patents in Suit.**

Again, this topic is overbroad. In particular, Putco has confirmed that "Putco's position is that license agreements within the industry are relevant […]." This would encompass license agreements not only for patents similar to the patents in suit (which Carjamz has already produced or attempted to produce[1]), but also licenses for products that would not apply to any products that are at issue in this lawsuit. Accordingly, this topic is overbroad and should be stricken. *Syntel* at *5.

> **j. Topic 24: All information related to Race Sport's knowledge and understanding of the market in which the Accused Infringing Products compete or have competed.**

This topic is ridiculously overbroad; as Putco confirmed in the meet-and-confer process, this topic encompasses all knowledge that Carjamz has of the vehicle headlight market. Exhibit 1, Meet-and-Confer Email Chain at p. 15. This topic encompasses every lighting kit that Carjamz has ever sold, as well as any knowledge Carjamz has of other lighting kits. This topic simply is not stated with "painstaking specificity" as required by the Seventh Circuit; rather, it is a blatant attempt to conduct a fishing expedition with Carjamz's 30(b)(6) witness. *Kalis* at n5. As this topic is ridiculously overbroad, it should be stricken.

> **k. Topic 29: The factual bases to Race Sport's responses to discovery, including responses to Interrogatories and Document Requests and documents gathered and produced in response thereto.**

As has become a theme, this request is ridiculously overbroad and unduly burdensome; in particular, the responses to discovery requests cover a myriad of topics, and preparing a witness to testify on them will be an onerous process. Declaration of Steve Jergensen, ¶¶ 19-20. Moreover, the topics of this request – the discovery

---

[1] A counterparty to a license agreement with Carjamz has refused to allow production of the agreement without a court order. Putco has been made aware of this, but has not yet moved to compel.

10

requests again cover numerous topics – does not meet the "painstaking specificity" standard of the Seventh Circuit. *Kalis* at n5. And, on top of this, an interrogatory would be a far better way to explore "[t]he factual bases to Race Sport's responses to discovery […]" *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002).[2] Accordingly, this topic should be stricken.

### I. Topic 30: All information related to Race Sport's claim of prior invention as to the patents in suit.

This request is entirely irrelevant. The United States no longer considers the date of invention – rather it is only concerned with the date of filing. 35 U.S.C. § 100; Golden v. United States, 955 F.3d 981 (Fed. Cir. 2020). Putco appears to contend that prior art that Carjamz offers in this case must prove an earlier date of invention rather than merely demonstrate an earlier date of public use or filing; this is not correct. Since the America Invents Act passed, prior invention and the date of invention have become largely irrelevant. *Chevron U.S.A. Inc. v. Univ. of Wyo. Research Corp.*, 2019-1530 (Fed. Cir. Nov. 4, 2020) at *12 (discussing a patent interference as a proceeding under a now-discontinued statute that used to award a patent to the party that was first to invent, rather than first to file). As this topic is irrelevant to any issue in this case, it should be stricken.

## V. CONCLUSION

For the foregoing reasons, Carjamz respectfully requests that the Court grant an order of protection prohibiting Putco from pursuing its 30(b)(6) deposition notice as drafted, and requiring Putco to draft it in accordance with a reasonable time limit and with topics that comply with the applicable rules of discovery.

---

[2] *Milwaukee Elec. Tool Corp. v. Chervon N. Am., Inc., No*. 14-CV-1289-JPS (E.D. Wis. July 16, 2015) at *3 discusses both sides of this issue.

Date: January 18, 2021     By     /s/ Konrad Sherinian
                                   An Attorney for Defendant


Attorneys for Defendant:

Konrad Sherinian
Depeng Bi
THE LAW OFFICES OF KONRAD SHERINIAN, LLC
1755 Park Street
Suite #200
Naperville, IL 60563
Phone: (630) 318-2606
Fax: (630) 364-5825
Email: ksherinian@sherinianlaw.net
Email: ebi@sherinianlaw.net
Email: courts@sherinianlaw.net

## CERTIFICATE OF CONFERENCE

      Pursuant to Local Rule 37.2, the undersigned attorney attests that the parties met and conferred telephonically on whether Putco would agree to the relief requested herein, but no agreement was reached, and agreement was not reached through no fault of counsel.

                                       /s/ Konrad Sherinian
                                       Konrad Sherinian