# Clauss Constr. v. UChicago Argonne LLC

Decided Jan 13, 2015

13-cv-05479

01-13-2015

Clauss Construction Plaintiff, v. UChicago Argonne LLC et al Defendant.

---

Jeffrey T. Gilbert Magistrate Judge

**ORDER** Defendant's Motion for a Protective Order Concerning Gauss's Rule 30(b)(6) Topics [67] as supplemented by Defendant's Supplemental Motion for a Protective Order [70] is granted in part and denied in part. This case is set for a status hearing on 1/28/15 at 9:30 a.m. for the purpose of resetting a discovery close date. See Statement below for details.

## STATEMENT

On October 27, 2014, Defendant UChicago Argonne, LLC ("Argonne") filed a Motion for a Protective Order [ECF 67] concerning a draft notice for a Rule 30(b)(6) deposition tendered by Plaintiff Clauss Construction ("Clauss") on September 25, 2014. [ECF 67 at 1] Moving for a protective order against a draft Rule 30(b)(6) deposition notice is, of course, highly irregular. But Argonne says it was frustrated because Clauss had not responded to its objections to Clauss's draft notice and the proposed date for the deposition was fast approaching.[1] [ECF 67 at 2]

[1] By reciting the procedural history of the instant Motion, the Court in no way means to condone Argonne's filing of its original Motion for a Protective Order [67] challenging a draft deposition notice. The Court wonders whether a phone call, e-mail or letter perhaps would have been sufficient to alert Clauss's counsel to the frustrations of Argonne's counsel, but that is water under the bridge at this point. Although the Court understands that a party acts at its peril if it does not move for a protective order to prevent a noticed deposition from occurring, it wonders whether the same is true when a party receives a draft notice of deposition. Perhaps a draft motion for a protective order would have been appropriate in that instance. But we digress.

In response to Argonne's premature motion for protective order, Clauss served a revised Rule 30(b)(6) notice on October 28, 2014, one day after Argonne had filed its original motion [ECF 70-1] Argonne then filed a supplemental motion for protective order attacking Clauss's revised Rule 30(b)(6) deposition topics as being essentially no different than the original, *2 objectionable topics. [ECF 70] As it happens, Clauss actually did some work on the topics in response to Argonne's objections served back in September. The Court set a briefing schedule on Argonne's original motion on October 31, 2014 [ECF 69], and it ordered the parties to brief the supplemental motion on the same schedule [ECF 72].

To the extent the Court stated in its order entered on October 31, 2014, that the supplemental motion was granted [*id.*], that was an error; the Court simply meant to indicate that it was accepting the supplemental motion in place of the original motion and to order the parties to brief that motion rather than the initial motion. Since both parties now have briefed the propriety of Clauss's revised Rule 30(b)(6) deposition topics, the Court deals

with those topics below as if they were raised in the original motion which is the only motion that still is open on the CM/ECF system.

## A.

The standards by which federal courts evaluate a Rule 30(b)(6) notice are settled and need not be repeated here. *E.E.O.C v. Source One, Inc., 2013 WL 225033 (N.D. Ill. 2013); Smithkline Beecham Corp. v. Apotex Corp., 2000 WL 116082, \*9 (N.D. Ill. 2000)*. Argonne maintains that all of Clauss's Rule 30(b)(6) topics are, in various measures, vague, overbroad, not particularized and impose upon Argonne an undue burden in terms of preparing its Rule 30(b)(6) witness to testify about them. Argonne also contends that several of the Rule 30(b)(6) topics infringe upon the attorney client privilege or work product doctrine by requiring Argonne's representative to testify about protected matters.

Clauss responds that it has calibrated its revised Rule 30(b)(6) topics to the matters raised in its complaint and in Argonne's answer, affirmative defenses and counterclaim so that the revised topics now are perfectly appropriate for Rule 30(b)(6) testimony. It also argues that its deposition topics do not call for a witness to testify about attorney client privileged communications or attorney work product (they ask for facts) and if its lawyer's questions at the deposition do ask for protected matters, Argonne's counsel properly can object and instruct the witness not to answer.

## B.

The Court has gone through each of Clauss's revised Rule 30(b)(6) topics and the parties' respective arguments about them carefully. It also has reviewed the complaint, answer, affirmative defenses and counterclaim. The result of that analysis on Clauss's ability to question Argonne's Rule 30(b)(6) witness about particular matters listed in Clauss's revised Rule 30(b)(6) notice is set forth below.

**Topics 1 and 2.** Both topics are keyed to Clauss's complaint or affirmative matter referenced in Argonne''s answer to the complaint. The fact that prior studies of decontamination and decommission work at the Argonne site comprise 400 pages of material spanning a 20 year period of time is not, in itself, a problem. (The case Argonne cites for its undue burden proposition, *Michelin Prosperity Co. v. Fellowes Mfg. Co., 2006 WL 1441575 (D.D.C. 2006)*, involved five times that amount of material.) Clauss apparently wants to know what effect the [*3] prior studies had on Argonne's planning for the project that is at issue in this case particularly in terms of the quantum of contamination at the site. Argonne can prepare someone to testify on that topic and any others germane to the case. The Court agrees it would be unreasonable for Argonne to have to prepare a witness to testify about all of the minutiae contained in all of the prior studies, but Clauss does not seem to be headed in that direction. Instead, Clauss represents that it wants to question an Argonne witness "about the averments it made in its own pleading so Clauss can learn about [Argonne's] asserted defense ["that it had disclosed the extent of the Project site's radioactive contamination to Clauss before it submitted its bid"]." [ECF 88 at 4] That is an appropriate inquiry and Argonne can prepare a witness on that subject.

**Topic 3.** This topic is vague, ambiguous and not specific enough to allow Argonne to prepare a witness to testify about it adequately. It also appears that other topics in the revised Rule 30(b)(6) notice more narrowly address the possible issues included within this topic. Argonne need not prepare a witness to testify about this topic.

**Topic 4.** This is an appropriate topic for a Rule 30(b)(6) deposition. The FONSI indicated there was approximately 2,000 cubic feet of contaminated soil that would have to be removed from the Argonne site. That was the basis upon which Clauss bid the project. Clauss says it wants to know "about the effect of the FONSI on UC

Argonne's planning for the project." [ECF 88 at 5] Clauss alleges that the FONSI was prepared without full consideration of more extensive contamination present at the site. [ECF 5 at ¶¶ 10 - 11 ] Clauss further alleges that Argonne misled it concerning the amount of contamination at the site. [*Id*. at ¶¶ 12, 61] Even though Clauss has admitted that it does not know how many cubic feet of contaminated soil it removed from the site [ECF 67 at 4], and Clauss did not process a change order indicating it needed to remove more than the 2,000 cubic feet referenced in the contract, Clauss still is entitled to probe what Argonne knew about the extent of contamination at the site when it put the contract out for bid, the effect the FONSI had on Argonne's planning for the project and the effect it had on the specifications for the project that Clauss ultimately bid.

**Topic 5.** This also is an appropriate topic for a Rule 30(b)(6) deposition. It is directly related to Clauss's theory of its case as to why Argonne allegedly provided it with defective specifications for the project or allegedly misled Clauss about the extent of the contamination present at the site. Argonne disagrees with Clauss's theory and thinks Clauss cannot prevail on that theory at trial, but that does not mean Clauss is not entitled to pursue discovery on its theory at this stage of the case.

**Topics 6, 7 and 8 .** Topics 6 and 8 are appropriate for a Rule 30(b)(6) deposition. They reference information that is closely tied to Clauss's allegations in its complaint. Topic 7 ("all your pre-bid assumptions concerning performance of the decontamination and demolition work on the Project") is overbroad. As drafted, it potentially encompasses matters that are beyond the confines of Clauss's claims. If Clauss wants to break that topic down into the specific assumptions that are relevant to this case, as it did with Topic 6 ("the assumptions, conditions, and bases for your specification of 2,000 cubic feet of contaminated

soil. . ."), it is free to do so. As drafted, however, Topic 7 is too broad and non-specific to permit Argonne to prepare a witness properly. *4

**Topic 9.** This topic seems to be untethered to the issues involved in this lawsuit. Argonne's interaction with the DOE regarding the four listed sub-topics seems irrelevant and Clauss's one-sentence defense of these topics in its response brief does nothing to shed light on why the topics are relevant. Accordingly, Argonne need not prepare a witness to testify about this topic absent more specificity from Clauss.

**Topic 10.** Argonne complains that this topic includes months of communications and hundreds of emails. [ECF 91 at 9] That is not, by itself, a reason that Argonne should be excused from preparing a corporate representative to talk about the subject. Rather, it is precisely the point of a Rule 30(b)(6) deposition. Clauss maintains that the parties' dispute includes which party was responsible for setting the DCGL levels, the root of this topic 10. [ECF 88 at 6] Argonne says that is wrong; Clauss's witness Mr. O'Dwyer said the DCGLs were within Clauss's scope. [ECF 91 at 10] Clauss also says Argonne questioned Clauss's Rule 30(b)(6) representative about the very same topic, but Argonne retorts that it only questioned Clauss's representative about Clauss's pre-bid investigation regarding the DCGL process and Clauss's cost estimate in that regard, not anything that Argonne did in that regard (which, of course, makes sense since Argonne was questioning a Clauss witness). [ECF 88 at 6; ECF 91 at 9-10] This is an appropriate topic for a Rule 30(b)(6) deposition. If Argonne was not involved in setting the DCGL levels and it did not know about Clauss's work in that regard, then Argonne's witness will have little to say about this topic. If Argonne has knowledge about this topic, then it is discoverable.

**Topic 11.** This is an appropriate Rule 30(b)(6) deposition topic. Argonne's objection to this topic basically sets forth its litigation position on the

issue. Clauss is entitled to explore this subject in discovery.

**Topics 12, 13 and 14.** These are perfectly appropriate topics for a Rule 30(b)(6) deposition. They track issues raised by the pleadings. An Argonne representative can be prepared concerning the entity's knowledge or lack of knowledge about these subjects.

**Topic 15.** Argonne objects to this topic, which seeks the entity's knowledge about any contention it is making that Clauss is responsible for "delays to the Project critical path," on the ground that Clauss has not made a claim for critical path delay. [ECF 91 at 12] Clauss does not respond directly to that objection. Instead, it says it is entitled to explore Argonne's contention that any delays were Clauss's fault, not Argonne's. [ECF 88 at 7] To the extent that a "critical path delay" is a term of art, then the Court agrees with Argonne that this topic concerns an issue that is not relevant to a claim or defense in this case. To the extent Clauss wants to explore the subject it described in its response to Argonne's objection, however, it should formulate a Rule 30(b)(6) topic on that subject. Argonne need not prepare a witness to testify about this topic as phrased.

**Topic 16.** This topic is largely argumentative (" [d]ecisions to . . . interfere with Clauss Construction's planned activities for performance of work as described in paragraph 17 of the Complaint") and, for that reason, is counter-productive. Argonne need not prepare a witness to testify about Clauss's characterization of Argonne's activities as interference with Clauss's work. The one aspect of this topic that is factual and not objectionable as argumentative is " [d]ecisions *5 to stop work." Argonne says that Clauss is not seeking any damages related to the only "stop work" order on the project, citing Clauss's Rule 26 disclosure [ECF 91-13]. Although Clauss apparently is not seeking from Argonne the $30,000 it incurred as a result of Argonne's stop work order, Clauss says in its Rule

26 disclosure that it "continues to maintain that its demolition procedure, crane rigging and safety protections were unobjectionable and should not have been the target of a stop work order and an ejection from the site of key Plaintiff personnel." [*Id*. at 9] Whether or not evidence concerning the stop work order ends up being admitted at trial, it is a subject about which Clauss can take discovery given the broader net Rule 26(b)(1) allows for discovery than the Federal Rules of Evidence countenance for the admission of evidence at trial.

**Topic 17.** This is an appropriate topic for a Rule 30(b)(6) deposition. Clauss's theory in this regard is laid out in paragraphs 36 through 38 of its complaint. Argonne contends that Clauss left 1.6 million pounds of contaminated rubble and debris at the site and lied about whether it had removed that material. The contaminated rubble and debris Clauss allegedly left at the site, according to Argonne, led to elevated contamination readings which dropped once the material was removed after months of fighting about it. Clauss disagrees with Argonne's take on the situation as alleged, in part, in paragraphs 36 through 38 of its complaint. Topic 17 focuses on Argonne's interactions with a consultant hired to conduct a confirmatory site survey concerning contamination. Argonne may disagree with Clauss's theory but that doesn't mean Clauss is not entitled to take discovery related to that theory.

**Topics 18 and 19.** These are appropriate topics for a Rule 30(b)(6) deposition. Argonne's objections to Topics 18 and 19 make no sense, at least as the Court understands the issues. Argonne's views about Clauss's final report for the project are relevant and discoverable. That Clauss is "not seeking any damages related to the issuance of Clauss' final report" [ECF 91 at 14] is not a reason to object to discovery concerning Argonne's views of Clauss's final report in a case involving a dispute about Clauss's performance of work for Argonne. Neither is the fact that Clauss supposedly was given Argonne's views about its final report during the project. Similarly, the fact

that Clauss already has received Argonne's written responses to Clauss's Request for Equitable Adjustment does not render that subject off-limits in a Rule 30(b)(6) deposition.

**Topic 20.** This topic seems to be duplicative of Topic 19 to some extent and is vague to the extent it references undefined "follow-on submissions." Argonne does not have to prepare a witness on this topic without further specification from Clauss.

**Topics 21 and 22.** These topics ask Argonne to designate a Rule 30(b)(6) witness to testify about the "factual bases underpinning" Argonne's affirmative defenses and counterclaim. Argonne objects that these topics invade the attorney-client and/or work product privileges. There is a difference of opinion among courts as to whether a Rule 30(b)(6) topic that asks an entity to designate a witness to testify about facts underlying legal claims or defenses is appropriate. The issue usually comes down to whether contention interrogatories are a better discovery vehicle for that kind of information than a Rule 30(b)(6) deposition. *Compare TV Interactive Data Corp. v. Sony Corp., 2012 WL 1413368 (N.D. Cal. 2012)* (contention interrogatories more appropriate discovery vehicle in a patent case) *with Radian Asset Assurance, Inc. v. College of Christian Bros, of New Mexico,* 273 F.R.D. 689 *(D. N.M. 2011)* *6 (Rule 30(b)(6) deposition concerning factual basis for affirmative defenses and counterclaim can go forward subject to appropriate objections at the deposition as to particular questions). *See also E.E.O.C v. Source One, Inc., 2013 WL 225033, *6-8 (N.D. Ill. 2013)* (Rule 30(b)(6) deposition concerning all information that "supports or rebuts" allegations in complaint deferred until after plaintiff supplements its interrogatory responses).

At this stage of this case, with written discovery concluded and all fact discovery completed except for the Rule 30(b)(6) deposition under present consideration, and given the parties' profound inability to get along during the discovery process as well as Argonne's excessive word-smithing opposition to Clauss's Rule 30(b)(6) notice, a round of contention interrogatories directed at the factual underpinnings for Argonne's affirmative defenses and counterclaim would not be the most productive way to proceed at this juncture. Clauss's Rule 30(b)(6) notice references "facts" supporting Argonne's affirmative defenses and counterclaim, not legal theories. The Court recognizes that a catalogue of all facts that support a legal theory can involve attorney work product to some extent. But a corporate representative can be prepared to testify about facts within the corporation's knowledge. To the extent that questioning moves into matters protected by the attorney-client privilege or work product doctrine, Argonne's counsel can object and even instruct the witness not to answer though the Court hopes that option will be exercised sparingly, if at all, during the deposition.

That said, Argonne's "mend the hold" Affirmative Defense F is a purely legal defense. It does not appear to be a defense that has "factual underpinnings" about which Argonne should have to prepare a corporate witness. Rather, the factual basis for that legal defense is laid out clearly in paragraphs 17 to 20 of Argonne's Affirmative Defense F. No more is required of a Rule 30(b)(6) deponent on that subject.

**Topic 23.** Argonne does not object to this topic.

## C.

Finally, Argonne's request for attorneys' fees and costs incurred in filing its motion for a protective order is denied. The motion was denied in more respects than it was granted, and Argonne made more work for itself than was necessary in opposing many of Clauss's revised deposition topics. Clauss did not seek its attorneys' fees incurred in responding to Argonne's motion.

The Court will reset a discovery close date at the status hearing set for January 28, 2015, at 9:30 a.m.

It is so ordered. Dated: January 13, 2015

/s/ _____

Jeffrey T. Gilbert

United States Magistrate Judge



# Preitauer v. Am. Family Mut. Ins. Co.

Decided Dec 29, 2020

Civil Action No.: 1:20-cv-00845-RM-SKC

12-29-2020

TYLER PREITAUER, Plaintiff, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., Defendant.

---

U.S. Magistrate Judge S. Kato Crews

FIRST WRITTEN DISCOVERY ORDER

This Discovery Order addresses the Parties' dispute over three topics from Plaintiff's Rule 30(b)(6) Deposition Notice. Counsel for the Parties contacted chambers (consistent with the Court's civil case practice standards) to alert the Court to their discovery dispute. They subsequently filed simultaneous briefs on the issues, as the Court requested. [#40 and #41.] The Court now issues this order to resolve the discovery dispute, as indicated below.

## PRINCIPLES

"A deposition under Rule 30(b)(6) differs in significant respects from the normal deposition. To begin with, the notice of deposition must 'describe with reasonable particularity the matters for examination.'" 8A C. Wright, A. Miller, & R. Marcus, Federal Practice & Procedure § 2103 (3d ed. 2010). This requirement seeks "to enable the responding organization to identify the person

2     who is best situated to *2 answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter." *Id*. Accordingly, Rule 30(b)(6) creates obligations on both sides: the side being deposed has an obligation to prepare one or more witnesses to

testify, and the side taking the deposition has an obligation to "designate with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *E.E.O.C. v. Thorman & Wright Corp*., 243 F.R.D. 421, 426 (D. Kan. 2007).

"An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice." *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000). Where the deponent "cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Id*. For example, when identified topics-of-inquiry for a Rule 30(b)(6) deposition use the term "all," courts have noted that Rule 30(b)(6) depositions are not intended to be "memory tests" in which a deponent is asked to recall every single detail related to a topic. *Gebremedhin v. Am. Family Mut. Ins. Co*., No. 113- cv-02813, 2015 WL 4272716, at *10 n.6 (D. Colo. July 15, 2015); *see also Reed*, 193 F.R.D. at 692 ("Although plaintiff has specifically listed the areas of inquiry for which a 30(b)(6) designation is sought...Plaintiff broadens the scope of the designated topics by indicating that the areas of inquiry will 'includ[e], but not [be] limited to' the areas specifically enumerated.").

For these reasons, a measure of specificity tailored to the facts of the case is required when crafting the topics for a Rule 30(b)(6) deposition. *See*

3     *Thorman & *3 Wright Corp*, 243 F.R.D. at 426 (Rule 30(b)(6) topics must "designate with

painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."); *Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 21 (E.D. Pa. 1986) (disallowing questions where it was apparent there had been no attempt to tailor them to the facts involved in the case).

The proper scope of a Rule 30(b)(6) deposition is further limited by the proportional needs of the case. Fed. R. Civ. P. 26(b)(1). Indeed, Rule 26(b)(2)(C) allows a court to limit discovery on motion or on its own if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or may be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

## ANALYSIS

Defendant objects to three topics—Topics 12, 15, and 33.

**Topic 12:** The Court agrees with Plaintiff that this topic has some relevance to Defendant's affirmative defense of non-cooperation. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ..") But crafted as a Rule 30(b)(6) topic, Topic 12 lacks the requisite specificity. The Court will allow this topic *but limited to* records Defendant obtained from the releases that were *4 not previously provided to Defendant by Plaintiff and which Defendant intends to rely upon in support of its non-cooperation affirmative defense.

**Topic 15:** The Court sustains Defendant's objections to this topic. Topic 15 is overbroad and vague. It is not limited to specific types of training, seminars, or training bulletins, and in that sense, potentially encompasses a wide swath of irrelevant information. Even the attempted

limiting language of "substantially relied upon in adjusting" the claim, does not save Topic 15 from its defects. It lacks the requisite specificity required by Rule 30(b)(6) and is disallowed.

**Topic 33:** This topic is also too broad. It encompasses, "any representative at AmFam who in any way participated in the handling, adjusting assessing, or evaluation" of Plaintiff's claims for UM and UIM benefits, no matter how little their involvement may have been. It also is not tailored to disciplinary or corrective actions involving conduct relevant to the claims or defenses in this case, but rather, it encompasses discipline or corrective action issued for any reason. This topic is disallowed.

* * *

*5

For these reasons it is ORDERED that Defendant prepare and provide a Rule 30(b)(6) designee(s) to provide testimony on Topic 12 as modified above. FURTHER ORDERED that Topics 15 and 33 are disallowed.[1] DATED: December 29, 2020

[1] The Court understands from its staff (after a call they received from counsel) that the disputes and arguments raised herein also pertain to corresponding Requests for Production of Documents issued by Plaintiff under Fed. R. Civ. P. 34, and that the parties have asked the Court to address those as well. The Court's rulings herein concerning Topics 15 and 33 apply to the corresponding RFPs. However, the Court finds an RFP that corresponds to the language of Topic 12 to be relevant and proportional. The Court notes Defendant's argument that this information is equally available to Plaintiff; but that places the burden on Plaintiff to determine and demonstrate what he failed to provide to Defendant, if anything. Asking Defendant to produce or identify what it received from third parties that it contends it never received from Plaintiff is a reasonable request that satisfies Fed. R. Civ. P. 26,

especially considering Defendant's non-cooperation affirmative defense. Finally, Defendant's brief references a possible issue regarding RFP 3 that the parties had not conferred over, and which Plaintiff did not address in his brief. Thus, the Court does not address RFP 3 currently. --------

BY THE COURT:

/s/_____

S. Kato Crews

U.S. Magistrate Judge

 casetext

# Schyvincht v. Menard, Inc.

Decided Jul 10, 2019

Case No. 18 CV 50286

07-10-2019

Bret Schyvincht, Plaintiff, v. Menard, Inc., d/b/a
Menards, Defendant.

---

Magistrate Judge Lisa A. Jensen

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion for
protective order [52]. Defendant requests that this
Court enter a protective order striking Topics A,
B, C, D, E, and F in Exhibit A of Plaintiff's Notice
of Rule 30(b)(6) Deposition and limiting Topics
G, H, and I to rules, polices, procedures, and
efforts of Defendant generally. Dkt. 52 at 6. For
the following reasons, Defendant's motion for
protective order [52] is granted in part and denied
in part. Defendant's motion is granted in part with
respect to Topics C and D and is denied as to the
remainder of the Topics.

## I. BACKGROUND

This case stems from an incident on August 14,
2016 at the Menards Sycamore Store where
Plaintiff was struck in the head by a piece of
lumber. Dkt. 1 Ex. A. The case originated in the
Circuit Court of the 23rd Judicial Circuit, DeKalb
County, Illinois and was removed to this Court on
August 30, 2018. Dkt. 1. On March 15, 2019,
Plaintiff served a Notice of Video Deposition(s)
Pursuant to Rule 30(b)(6). Dkt. 46. The Notice
asked Defendant to identify and produce a witness
or witnesses to provide testimony on the following
topics:

2

A. MENARDS's knowledge as to any facts
of the 8/14/16 Incident.

B. MENARDS's investigation into the
facts, cause, and injuries incurred by
Plaintiff in the 8/14/16 Incident.

C. MENARDS's position or opinion that
Plaintiff was not exercising due care for
his own safety at the time of the 8/14/16
Incident.

D. MENARDS's position or opinion that
someone other than Gerardo Ibarra was
responsible for Plaintiff's injuries incurred
as a result of the 8/14/16 Incident.

E. All training provided to Gerardo Ibarra
with regard to safe handling of lumber at
the Sycamore Store.

F. Gerardo Ibarra's duties and
responsibilities on August 14, 2016 with
respect to the safe handling of lumber.

G. All rules, policies or procedures in
effect at the Sycamore Store on August 14,
2016 intended to protect consumer
members of the public from being struck
by lumber.

*2

H. All rules, policies or procedures in
effect at the Sycamore Store on August 14,
2016, which MENARDS employees were
required to follow and which were
intended to protect employees or consumer
members of the public against personal
injury.

I. All efforts of MENARDS to protect
consumers against being struck by lumber
being handled by MENARDS employees,
both before and after August 14, 2016.

Dkt. 52 Ex. 1.

Defendant moved for entry of a protective order on June 24, 2019. Dkt. 52. Plaintiff responded on June 26, 2019. Dkt. 56. This Court held a motion hearing and heard oral arguments on July 1, 2019. Dkt. 58.

## II. DISCUSSION

Federal Rule of Civil Procedure 30(b)(6) addresses deposition discovery directed to a corporation. It states that a deposition notice "must describe with reasonable particularity the matters for examination[,]" and the corporation "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." FED. R. CIV. P. 30(b)(6). Then, the corporation must prepare the designated person so that he/she can "testify about information known or reasonably available to the organization." *Id*.

The scope of Rule 30(b)(6) is limited by Rule 26 which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). Rule 26 also allows a court, upon a showing of good cause, to enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). Finally, Rule 26 requires that the court must limit the frequency or extent of discovery if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

The party seeking the protective order must show good cause by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *EEOC v. Source One Staffing, Inc*., No. 11 C 6754, 2013 WL 25033, at *3 (N.D. Ill. Jan. 2, 2013) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab. Ctr., LLC*, No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012). *3

Defendant argues that the topics designated by Plaintiff are inappropriate for a Rule 30(b)(6) deposition because they involve "hearsay testimony, legal theories, and duplicative testimony." Dkt. 52 at 2. Defendant provides more specific arguments for groups of topics. The Court addresses each argument in turn.

**Topics C and D**

Defendant argues that Topics C and D should be stricken because they 1) call for Defendant's "position or opinion" on its legal defenses and 2) would infringe on protected work product. Plaintiff argues in response that numerous courts

have ruled that a Rule 30(b)(6) notice of deposition that seeks the "factual bases for another party's claims or defenses is proper." Dkt. 53 at 3. However, at oral arguments, this Court asked Plaintiff's counsel if he was seeking strictly the factual bases for any of Defendant's affirmative defenses. He replied that he was seeking both the underlying facts and Menards's opinion on the matters set forth in the deposition notice.

Plaintiff's Notice requests a Rule 30(b)(6) witness to address: "C. MENARDS's position or opinion that Plaintiff was not exercising due care for his own safety at the time of the 8/14/16 Incident." Dkt. 52 Ex. 1. As drafted, Topic C impermissibly seeks a legal conclusion. Questions seeking a legal conclusion from a lay person exceed the permissible scope of a Rule 30(b)(6) deposition. *Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*, No. 2:15-CV-3023, 2018 WL 3358641, at *11 (S.D. Ohio July 10, 2018); *see also Stowers v. Supreme Court of Appeals of W. Va.*, No. 2:18-CV-00560, 2019 WL 2319305, at *1 (S.D. W. Va. May 29, 2019) (Proposed topics that ask the witness to offer a legal opinion are inappropriate inquiries for a Rule 30(b)(6) deposition); *Olsen-Ivie v. K-Mart*, No. 2:17-cv-00255-DB-PMW, 2018 U.S. Dist. LEXIS 24194, at *1-2 (D. Utah Feb. 12, 2018) (Questions intended to illicit 30(b)(6) deponent's legal opinion or analysis of claims or defenses including negligence, intervening cause and assumption of risk are improper).

Plaintiff cites *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 817853 (N.D. Ill. July 19, 2001) for the proposition that legal opinions are appropriate Rule 30(b)(6) topics. The Court in *Canal Barge* did not set forth the specific topics that were at issue. However, it did summarize the topic as "inquiries into ComEd's position that the work performed on the barges was not maintenance[.]" *Id.* at *2. The Court noted that these inquiries were "quite fact-specific[.]" *Id.* Unlike the "fact-specific" Rule 30(b)(6) topics at issue in *Canal Barge*, Topic C

does not seek facts but only a legal opinion as to whether Plaintiff was exercising "due care" for his safety. Due care is a legal term of art, and as such Topic C impermissibly seeks a legal opinion from a lay witness.

Similarly, Topic D requests "MENARDS's position or opinion that someone other than Gerardo Ibarra was responsible for Plaintiff's injuries incurred as a result of the 8/14/16 Incident." Dkt. 52 Ex. 1. As drafted, Topic D also requests a legal opinion as opposed to underlying facts. Black's Law Dictionary defines "responsibility" as the "quality, state, or condition of being answerable or accountable; Liability." *Responsibility*, BLACK'S LAW DICTIONARY (11th ed. 2019). "Liability," in turn, means the "quality, state, or condition of being *4 legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment." *Liability*, BLACK'S LAW DICTIONARY (11th ed. 2019). Courts have treated questions directed to a party's legal responsibility or liability as improper. *See, e.g.*, *Turubchuk v. E. T. Simonds Constr. Co.*, No. 3:12-CV-594-SMY-DGW, 2015 WL 5725159, at *4 (S.D. Ill. Sept. 30, 2015) (finding that various requests to admit, as to whether the defendant "was liable" to the plaintiff in a previous case and the defendant's "legal responsibilities," were improper because they were seeking legal conclusions); *Tarpoff v. United States*, No. 09-CV-00411 DRH, 2011 WL 1205731, at *4 (S.D. Ill. Mar. 10, 2011) (allowing questioning of a lay witness's corporate responsibility but not legal responsibility). The Court concludes that Topics C and D improperly seek a legal opinion and as such are improper Rule 30(b)(6) topics. Therefore, Defendant's motion for protective order is granted with respect to Topics C and D.

Should Plaintiff wish to determine Menards's legal position regarding whether Plaintiff or some third party was responsible for Plaintiff's injuries, such inquiry is better suited as a contention interrogatory. *See, e.g.*, *Canal Barge*, 2001 WL

817853, at *6 (Whether a Rule 30(b)(6) deposition or a Rule 33(c) contention interrogatory is more appropriate will be a case by case factual determination.); *see also Source One Staffing*, 2013 WL 25033, at *7; *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *9-10 (N.D. Ill. Jan. 24, 2000). This is especially appropriate in this case where no clear affirmative defense has been plead.

**Topics A and B**

Defendant argues that Topics A and B should be stricken because a corporate representative would lack personal knowledge of the incident and thus his/her testimony would amount to hearsay. This objection misunderstands the purpose of Rule 30(b)(6). Rule 30(b)(6) states that "persons designated must testify about information known or *reasonably available* to the organization." FED R. CIV. P. 30(b)(6) (emphasis added). Thus, Rule 30(b)(6) does not require that the deponent have personal knowledge of the matters to which he/she testifies; this is true because a Rule 30(b)(6) deponent presents the knowledge, opinions or positions of the corporation, not the deponent. *Canal Barge*, 2001 WL 817853, at *1. If the deponent lacks personal knowledge, the corporation must educate the deponent so that he/she can testify knowledgeably about matters within the organization's corporate knowledge. Preparing the deponent includes providing him/her with documents, present or past employees, or other sources of information to review. *See, e.g.*, *Indus. Eng'g & Dev. v. Static Control Components*, *Inc.*, No. 8:12-cv-691-T-24-MAP, 2014 U.S. Dist. LEXIS 141823, at *7-8 (M.D. Fla. Oct. 6, 2014).

Defendant relies on *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500 (N.D. Ill. 2011) for the proposition that requiring a Rule 30(b)(6) deponent to testify on matters outside his personal knowledge would amount to impermissible hearsay. This argument is without merit. The Court in *Sara Lee Corp.* was asked to decide

whether and to what extent a 30(b)(6) deposition could be read in as testimony at trial. It did not rule that hearsay was a valid objection to the taking of a Rule 30(b)(6) deposition.[1] Certainly, it is not. Hearsay is generally *5 discoverable under Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Therefore, the Court rejects Defendant's argument that Topics A and B should be stricken because a corporate representative would lack personal knowledge of the incident and thus would make his/her testimony hearsay.

> [1] Moreover, the Court in *Sara Lee Corp.* explicitly stated that a Rule 30(b)(6) witness may testify not only to matters within his personal knowledge but also to matters known or reasonably available to the organization. *Id.* (internal citations omitted); *see also Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F.Supp.3d 917, 921 (N.D. Ill. Sept. 19, 2014) ("a Rule 30(b)(6) witness may testify both in a deposition and at trial to matters as to which she lacks personal knowledge, notwithstanding the requirements of Federal Rule of Evidence 602.").

**Topics E-I**

Defendant requests that Topics E and F be stricken and Topics G, H, and I be limited to the rules, policies, procedures, and efforts of Menards generally. Defendant argues that a corporate representative would have no personal knowledge of how Menards' rules, policies, and procedures were carried out in the Sycamore store or what training was provided to a particular employee. As set forth above, a corporate representative does not have to have personal knowledge but must testify to "information known or reasonably available to the organization." FED R. CIV. P. 30(b)(6).[2] The Court finds that Defendant has not shown good cause for a protective order to strike Topics E and F or to limit Topics G, H, and I.

2 In its motion, Defendant also cites to FED R. CIV. P. 30(d)(3)(B). Rule 30(d)(3) states that "[a]t any time *during a deposition*, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED R. CIV. P. 30(d)(3)(A) (emphasis added). Because Defendant's motion for entry of protective order was not filed during a deposition, Rule 30(d)(3) does not apply. --
------

**General Burdensome Objection**

Finally, Defendant broadly argues that the Court should limit the scope of the Rule 30(b)(6) deposition because topics A, B, E, F, G, H, and I are unreasonably cumulative and duplicative, and obtainable from individual depositions that are more convenient and less burdensome. "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" FED. R. CIV. P. 26(b)(2)(C). It is cautioned, however, that "[b]efore restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotation marks and citations omitted).

After reviewing the totality of the circumstances, the Court declines to limit the scope of the Rule 30(b)(6) deposition for these topics. In its motion, Defendant solely relies on the conclusory statement that "those same topics will be discussed with Ibarra and Paulson in their depositions[.]" Dkt. 52 at 5. However, the testimony of a witness noticed as an individual does not bind an entity as a Rule 30(b)(6) witness does. "Thus, the fact that individually named witnesses have testified concerning a subject is generally no obstacle to a 30(b)6 deposition on the same subject." *Sabre v. First Dominion Capital, LLC*, No. 01 CIV. 2145 (BSJ)(H., 2002 WL *6 31556379, at *2 (S.D.N.Y. Nov. 15, 2002); *see also Smith v. General Mills, Inc.*, No. C2 04-705, 2006 U.S. Dist. LEXIS 19093, at *15-18 (S.D. Ohio Apr. 13, 2006) (collecting cases). Further, Plaintiff's counsel stated at the motion hearing that taking one Rule 30(b)(6) deposition could decrease the overall number of depositions Plaintiff would seek to take, making the litigation less burdensome and less expensive. Defendant, on the other hand, did not identify any burdens to outweigh the value of the Rule 30(b)(6) deposition sought. Therefore, in considering the totality of the circumstances, the Court declines to limit Topics A, B, E, F, G, H, and I of the Rule 30(b)(6) deposition.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for entry of protective order [52] is granted in part and denied in part. Defendant's motion is granted with respect to Topics C and D and denied in all remaining respects. Date: July 10, 2019

By: /s/ _____

Lisa A. Jensen

United States Magistrate Judge




# Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.

Decided Jan 30, 2018

1:15-cv-00211 (LGS) (SDA)

01-30-2018

Syntel Sterling Best Shores Mauritius Limited et al., Plaintiffs, v. The Trizetto Group, Inc. et al., Defendants.

---

STEWART D. AARON, United States Magistrate Judge

**OPINION AND ORDER STEWART D. AARON**, **United States Magistrate Judge :**

Before the Court are three discovery motions: (1) a motion by Defendants/Counterclaim Plaintiffs, The TriZetto Group ("TriZetto") and Cognizant Technology Solutions Corp. ("Cognizant," and, collectively, "Defendants"), compelling Plaintiff/Counterclaim Defendants, Syntel Best Shores Mauritius Limited and Syntel, Inc. (collectively, "Syntel") to provide a Rule 30(b)(6) witness or witnesses as to certain topics;[1] (2) Plaintiffs' motion to compel electronic production concerning source code, damages information and information about confidential safeguards;[2] and (3) Defendants' motion for a declaration regarding Syntel's Platform Management Tools.[3] *2

2

[1] *See* Letter-Motion dated January 16, 2018 from Mr. Cutri (ECF No. 317); Letter in opposition dated January 19, 2018 from Ms. Sekel (ECF No. 316); Letter reply dated January 22, 2018 from Mr. Cutri (ECF No. 320). Certain correspondence discussed herein were redacted and the Court authorized that the original,

unredacted versions be filed under seal. The parties are directed to make such filings under seal.

[2] *See* Letter-Motion dated January 16, 2018 from Ms. Sekel (ECF No. 307); Letter in opposition dated January 19, 2018 from Mr. Cutri (ECF No. 319); Letter reply dated January 22, 2018 from Ms. Sekel (ECF No. 309).

[3] *See* Letter-Motion dated January 18, 2018 from Mr. Cutri (ECF No. 318); Letter in opposition dated January 23, 2018 from Ms. Sekel (ECF No. 311); Letter reply dated January 29, 2018 from Mr. Cutri (ECF No. 321); Letter dated January 29, 2018 from Ms. Sekel (ECF No. 322). --------

Oral argument on all three motions was held on January 26, 2018 via telephone.

## BACKGROUND

Syntel asserted claims in this action against Defendants alleging breach of contract, intentional interference with contractual relations and misappropriation of confidential information. (ECF Nos. 1, 39.) Defendants asserted counterclaims against Syntel, alleging breach of contract, breach of implied covenant of good faith and fair dealing, misappropriation of confidential information, misappropriation of trade secrets, unfair competition, tortious interference with prospective business relations and copyright infringement. (ECF Nos. 21, 50, 215.) The claims and counterclaims relate to a Master Services Agreement ("MSA") entered into between Syntel and TriZetto pursuant to which Syntel was to

assist TriZetto with software development, consulting and other projects. This action arose after Cognizant, a Syntel competitor, acquired TriZetto and Syntel exercised its option to terminate the MSA. *See Syntel Sterling Best Shores Mauritius Limited v. The Trizetto Group, Inc.*, 15-CV-211 (LGS) (RLE), 2016 WL 5338550, at *1 (S.D.N.Y. Sep. 23, 2016).

## DISCUSSION

The scope of discovery in the federal courts is quite broad. *See Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, No. 16-3637-CV, 2018 WL 542338, at *7 (2d Cir. Jan. 25, 2018) (recognizing the "extremely broad" discovery permitted by the Federal Rules of Civil Procedure). Under Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). *3

3

"Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept." *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15CIV7488CMJCF, 2017 WL 4700367, at *2 (S.D.N.Y. Oct. 19, 2017) (internal quotation and citation omitted). As for proportionality, Rule 26 tasks the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). On the whole, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

## I. Defendants' Motion for a Rule 30(b)(6) Deposition is Granted in Part and Denied in Part

On or about January 2, 2018, Defendants served a Notice of Videotaped Deposition on Syntel, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, calling for a witness or witnesses to testify on behalf of Syntel regarding certain topics. (30(b)(6)Notice, Defs.' Jan. 16, 2018 Letter-Motion Ex. B, ECF No. 317-2 ("30(b)(6) Notice"), at 6.) Syntel objected to providing a witness as to Topics 1 to 5, which generally relate to (1) Syntel's collection and production of documents, including, in particular, documents from Ankur Chadha; (2) Syntel's document preservation efforts; and (3) the unavailability of certain of Syntel's computers. (*Id.* at 6-7.) Syntel claims that no further inquiry regarding these topics is necessary or appropriate because sufficient discovery has already taken place, including through a comprehensive forensic examination, and argues that Defendants' requests are seeking to circumvent prior discovery *4 orders in this case and "double check" Syntel's counsel's work. (Pls.' Jan. 19, 2018 Letter in Opp., ECF No. 316, at 1-3.)

4

Rule 30(b)(6) permits a party to depose a corporation or other organization by sending it a notice of deposition describing "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "While Rule 30(b)(6) is not designed to be a memory contest, the deponents must be both knowledgeable about a given area and prepared to give complete and binding answers on behalf of the organization." *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14 CIV. 10067 (KPF) (SN), 2017 WL 3610511, at *11 (S.D.N.Y. Aug. 21, 2017) (internal citation and quotation omitted). "A Rule 30(b)(6) deposition notice, like other forms of discovery, is subject to the limitations under Rule 26 of the Federal Rules of Civil Procedure." *BlackRock*, 2017 WL 3610511, at *11 (internal citation omitted).

The Court is satisfied that Topics 1 to 5 are relevant to issues in the case, including alleged spoliation. However, the Court finds in its

discretion that not all of the requested discovery is proportional. First, Topics 1(b) and 1(c) seek information regarding the contents of files recovered from Mr. Chadha's devices that "hit on" the agreed-upon search terms, and the facts and circumstances regarding how and why Mr. Chadha and Syntel were in possession of these files. (30(b)(6) Notice at 6.) The Court understands that Syntel has already reviewed and produced files from these devices that are responsive to TriZetto's document requests. Here, what Defendants essentially are seeking is for Syntel to prepare a witness to testify regarding non-responsive documents. The Court finds that such testimony is not proportional to the needs of the case, particularly when Defendants can depose Mr. Chadha regarding the contents of his files. The same is true for information regarding Mr. Chadha's possession of those files, which can also be *5 obtained from Mr. Chadha himself. Thus, the Syntel 30(b)(6) witness or witnesses need not testify regarding Topics 1(b) and 1(c).

As for Topics 3 and 4, the Court hereby limits the scope to "facts and circumstances relating to" the requested topics (*i.e.*, Syntel's document collection and production and preservation efforts, respectively), as opposed to "[a]ll facts, circumstances [and] documents." (30(b)(6) Notice at 7.) Defendants may inquire at the Rule 30(b)(6) deposition about what Syntel did to collect and produce documents in this action, and to understand what Syntel did to preserve documents, including through the distribution of preservation notices. The Court is mindful that such inquiries may touch upon matters that are protected by the work product doctrine or other privilege, but is also mindful that "permitting a party to invoke work product as a blanket obstacle to a 30(b)(6) deposition" may "undermine the important utility of that device." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Fed. Prac. & Proc. Civ.* § 2103 (3d ed. 2010). Syntel may, of course, assert any valid objections on the grounds of the work product doctrine.

Finally, in Topic 5, Defendants seek information regarding the unavailability of certain computers. Syntel claims that this topic relates to a preliminary assessment that identified many computers as unavailable when, in fact, that number was significantly reduced during the course of the forensic examination. The Court finds that the information sought in Topic 5 is not proportional to the needs of the case, and hereby limits Topic 5 to the unavailability of the devices listed in ¶¶ 22(a) and (c) of the forensic examiner's report. (Forensic Report, Defs.' Jan. 16, 2018 Letter-Motion Ex. I, ECF No. 317-9, at 11.) *6

## II. Syntel's Motion to Compel Electronic Production is Granted in Part and Denied in Part

On November 17, 2016, Syntel served discovery demands on Defendants seeking, among other things, production by Defendants of source code, damages information and information about confidential safeguards. Certain materials were produced by Defendants on April 21, 2017, along with an invitation to Syntel to review and inspect at TriZetto's office in Colorado, "TriZetto source code, documents relating to Defendants' efforts to protect and safeguard their intellectual property and confidential, proprietary information, and documents relating to damages in this case." (Pls.' Letter-Motion, Ex. 2, ECF 307-2.) Defendants assert that "certain legacy systems and data are not amenable to mass production in review platforms." (Defs.' Letter in Opp., ECF No. 319, at 3.) Defendants "offered to make a knowledgeable employee available to assist Syntel in understanding and querying any information from the [TriZetto Colorado] databases and to produce any such information." (*Id*.) Syntel has not conducted such a review and inspection, but is seeking by its motion to have Defendants "produce electronically" the "relevant and responsive material." (Pls.' Letter-Motion, ECF No. 307, at 1.)

Documents regarding Defendants' damages and Defendants' protections of their trade secrets and related material plainly are relevant and should be produced. The Court agrees with Plaintiffs that it is the responsibility of Defendants, not Plaintiffs, to search for and identify such documents. Thus, to that extent, Syntel's motion to compel electronic production of such documents, set forth in Request for Production Nos. 5, 6 and 14. (Pls.' Letter-Motion, Ex. 2, ECF 307-1, at 7-8, 14), is granted.

Syntel also seeks "electronic production" of source code-related information. The Court recognizes that this type of information can be produced in a standard electronic *7 format, as Defendants claim here. Indeed, the Federal Rules of Civil Procedure expressly envision "inspection and related activities[,]" which the Court finds is appropriate under the circumstances. Fed. R. Civ. P. 34(b)(2)(B). Thus, Syntel's motion regarding the source code-related information is denied without prejudice. If Syntel wishes to pursue further discovery regarding source code, it must inspect the source code-related information in TriZetto's office in Colorado within thirty (30) days from the date of this Order. At such inspection, Defendants are ordered to make a knowledgeable employee available to assist Syntel in understanding and querying any information from the TriZetto databases and to produce any such information. In addition, Defendants shall identify for Syntel at such inspection the source code-related information that Defendants deem to be relevant. If, after such inspection is completed, Defendants believe that further discovery regarding the source code is needed, they can renew their motion.

## III.   Defendants' Motion for Declaration Regarding Platform Management Tools is Denied

At a hearing on June 29, 2016, Magistrate Judge Ellis granted a motion to compel by Defendants regarding Syntel's Platform Management Tools. (Tr., ECF No. 166, at 2.) Defendants now move for an Order compelling Syntel to produce a declaration from a competent witness that "answers and explains" four questions set forth on page 3 of Defendants' counsel's letter of January 18, 2018 ("January 18 Questions"). (Defs.' Jan. 18, 2018 Letter-Motion, ECF No. 318, at 3.) Syntel opposes this motion, arguing, among other things, that depositions of nine Syntel employees are scheduled in the next six weeks and that Defendants can take live testimony regarding the Platform Management Tools. (Pls.' Letter in Opp., ECF No. 311, at 2-3.)

Defendants' did not initially cite to any authority that would entitle them to such a declaration. (Defs.' Jan. 18, 2018 Letter-Motion, ECF No. 318, at 3.) In a supplemental letter *8 submitted after oral argument, Defendants assert that authority exists to require such a declaration from three sources: (1) the Court's inherent authority; (2) Fed. R. Civ. P. 31(a)(4) (deposition on written questions); and (3) Fed. R. Civ. P. 37(b)(2)(A) (sanctions for not obeying a discovery order). (Defs.' Jan. 29, 2018 Letter, Ex. A.)

The Court in its discretion declines to use its inherent authority to provide Defendants the relief sought, and also declines to issue sanctions. Moreover, as far as the Court is aware, Defendants have not sought to proceed by way of depositions by written questions under Fed. R. Civ. P. 31, in lieu of depositions by oral examination under Fed. R. Civ. P. 30.

As noted by Syntel, there are nine depositions of Syntel witnesses on oral examination that will take place in the next six weeks, and Defendants can seek answers to their questions during these depositions. In addition, the Court hereby grants leave to Defendants to ask the four January 18 Questions, at the Rule 30(b)(6) deposition of Syntel's witness that is referenced above. Thus, Defendants' Motion is denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' motion to compel Syntel to provide a Rule 30(b)(6) witness or witnesses as to Topics 1 to 5 is GRANTED IN PART AND DENIED IN PART. Syntel shall provide a witness or witnesses to testify regarding Topics 1 to 5, as modified on pages 4 to 5 of this Opinion and Order. Defendants also have leave to take testimony from Syntel's witness or witnesses regarding the January 18 Questions. Syntel's Rule 30(b)(6) deposition shall be taken as soon as practicable, but no later than February 16, 2018.

9     *9

2. Syntel's motion to compel electronic production concerning damages information and information about confidential safeguards is GRANTED. Syntel's motion concerning source code-related information is DENIED WITHOUT PREJUDICE. If Syntel wishes to pursue further discovery regarding source code, it must inspect the source code-related information in TriZetto's office in Colorado within thirty (30) days from the date of this Order. At such inspection, Defendants are ORDERED to make a knowledgeable employee available to assist Syntel in understanding and querying any information from the TriZetto databases and to electronically produce any such information. In addition, Defendants shall identify for Syntel at such inspection the source code-related information that Defendants deem to be relevant.

3. Defendants' motion to compel Syntel to produce a declaration is DENIED.

SO ORDERED.

DATED: New York, New York

January 30, 2018

/s/_____

STEWART D. AARON

United States Magistrate Judge

