# Exhibit 2

Putco's Updated Notice of Deposition of Carjamz Com, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| PUTCO, INC., | ) | |
| | ) | No. 3:20-cv-50109 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Iain D. Johnston |
| | ) | |
| CARJAMZ COM INC. | ) | Magistrate Judge Lisa A. Jensen |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UPDATED NOTICE OF DEPOSITION OF CARJAMZ COM, INC.**

TO: CarJamz Com, Inc.
％ Konrad Sherinian
Depeng Bi
The Law Offices of Korad Sherinian, LLC
1775 Park Street, Suite #200
Naperville, IL 60563

PLEASE TAKE NOTICE that Plaintiff, through its counsel of record will take the deposition of Defendant Carjamz Com, Inc., pursuant to Fed. R. Civ. P. 30(b)(6) under oath and before a Notary Public or other person authorized to administer oaths. The deposition shall take on January 21, 2021, beginning at 10:00 a.m., or at such other time and place as agreed to by the parties, by remote video conference. The deposition will continue as necessary pursuant to the Federal Rules of Civil Procedure. Putco reserves their rights under Federal Rule of Civil Procedure 30(d) to request additional time if necessary to fairly examine the deponent(s) and/or if other circumstances impede, delay, or frustrate the fair examination of the deponent(s).

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant is required to designate one or more officers, directors, managing agents, or other consenting persons knowledgeable to testify on its behalf with respect to the topics in Schedule A.

The deposition shall be recorded stenographically by a person authorized to administer oaths and will be electronically recorded.

You are invited to attend.

Respectfully submitted by:

Putco, Inc., Plaintiff,
BY: McKEE, VOORHEES & SEASE, P.L.C.

*/s/Glenn Johnson*
Glenn Johnson (Iowa Bar No. AT0003856)
Jonathan L. Kennedy (Iowa Bar No. AT0011458)
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone: 515-288-3667
Fax: 515-288-1338
Email: glenn.johnson@ipmvs.com
Email: jonathan.kennedy@ipmvs.com
Email: mvslit@ipmvs.com

and

Marc C. Gravino
John J. Holevas
Joel M. Huotari
Williams McCarthy, LLP
120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
mgravino@wilmac.com
jholevas@wilmac.com
jhoutari@wilmac.com

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of December 2020, I caused the foregoing to be served via email upon the following:

Copy To:

Konrad Sherinian
Depeng Bi
The Law Offices of Korad Sherinian, LLC
1775 Park Street
Suite #200
Naperville, IL 60563
Phone: (630) 318-2606
Fax: (630) 364-5825
Email: ksherinian@sherinianlaw.net
Email: ebi@sherinianlaw.net
Email: courts@sherinianlaw.net

ATTORNEYS FOR DEFENDANT

                                                                 */s/Glenn Johnson*

## SCHEDULE A

Pursuant to Fed. R. Civ. P. 30(b)(6), Carjamz Com Inc. shall designate and present one or more officers, directors, managing agents or other persons who consent to testify on its behalf in connection with the topics set forth below.

## DEFINITIONS

1. "Carjamz Com Inc," "Carjamz Com," "Carjamz," "Race Sport," "You," and "Your" refers to Carjamz Com Inc. and (i) its present and former owners, directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors and successors in interest and any parent, subsidiary, and affiliated entities, (ii) any other person or entity acting on its behalf or on whose behalf it has acted; (iii) any other person or entity otherwise subject to its control, or which controls or controlled it, or with which it was or is under common control; and (iv) any person or entity otherwise in the corporate family of any predecessor or successor in interest or any parent, subsidiary, or affiliated entity.

2. "Patents in Suit" shall refer to U.S. Patent No. 9,243,796 ("the '796 patent") and U.S. Patent No. 9,995,473 ("the '473 patent"), and any applications leading to its issuance.

3. "Accused Infringing Products" refers to the manufacture, use, importation, sale and/or offer for sale by Defendant of its LED headlight replacement kits, including, but not limited to at least one of the following: the "Premier Penetrator Series" H1, H3, H4, H7, H8, H9, H11, H13, 9004, 9005, 9006, and 9007 and the "Gen4" H1, H3, H4, H7, H8, H9, H10, H11, H13, 880, 5202, 9004, 9005, 9006, 9007, and 9012 LED headlight kits.

## TOPICS

1. Race Sport's knowledge of the Patents in Suit.

4

2. All information relating to any joint defense agreement or third-party funding of court costs, attorneys' fees, and/or defense costs incurred by Defendant in *Putco, Inc. v. Carjamz Com Inc.*, Case No. 3:20-cv-50109 (N.D. Illinois).

3. Race Sport's decision to cease its sale and offer for sale of the Accused Infringing Products on March 3, 2016.

4. Race Sport's decision to resume its sale and offer for sale of the Accused Infringing Products after March 3, 2016.

5. All information related to market share, loss and potential loss of market share by Putco, and other alleged and/or potential harm to Putco by Race Sport's offer and sale of Accused Infringing Products.

6. All information related to Race Sport's disregard and/or indifference to the Patents-at-Issue and reason(s) underlying its determination continue to sell Accused Infringing Products after Putco's notice of 2016 and notice as set forth in the Complaint underlying this litigation.

7. Race Sport's knowledge of LED headlight kits, including, but not limited to: LED headlight kits having solid metal heat sinks, LED headlight kits with flexible heat sinks, and dates Race Sport acquired said knowledge.

8. Communications and information regarding the Declaration of Lei Zhi Biao dated June 6, 2020.

9. Race Sport's document retention policies, document search, and production related to the present action.

10. Race Sport's knowledge, communications, and relationship with Lanseko Electronic Technology Co., its agents, officers, employees, former officers, and/or former employees.

11. Race Sport's knowledge, communications, and relationship with Unipower International Group Limited, its agents, officers, employees, former officers, and/or former employees.

12. Race Sport's use of the Gen4 mark, and knowledge of the use by third-parties of the use of the Gen4 mark, further including Race Sport's Trademark Reg. No. 4,863,274.

13. Race Sport's current and historic activities and knowledge regarding the Gen4 product research and development activities, testing, prototypes, and decision to seek patent protection in the United States.

14. U.S. Patent No. 10,801,714.

15. The quantity sold, gross sales in dollars, the net sales in dollars, any discounts or allowances, the costs of goods sold, the price of goods sold, the gross profit margins, and any other direct or indirect costs generally allocated to sales of the Accused Infringing Products.

16. All information related to the first public disclosure, first use, first sale, first offer for sale, or any other distribution, disclosure or commercialization of the Accused Infringing Products.

17. Race Sport's current and historic marketing efforts made in connection with the Accused Infringing Products, including print ads, on-line marketing and sales, and other marketing modes.

18. Race Sport's current and historic sourcing, manufacturing, assembly, and/or distribution of the Accused Infringing Products and LED headlight kits with a solid metal heat sink.

19. All information relating to dealers authorized to distribute LED headlight kits on behalf of Race Sport.

20. All information relating to any agreements, contracts, licenses, and/or assignments regarding the Patents in Suit or any patents of similar subject matter to the Patents in Suit.

21. Race Sport's activities at, and knowledge and information acquired from or regarding the public disclosures at the 2014 SEMA Show, including, but not limited to: Race Sport's knowledge of Putco's disclosure of products which embody one or more claims of the Patents-in-Suit.

22. Race Sport's quality control/assurance policies, procedures and standards related to the Accused Infringing Products, including review of all dimensional, non-dimensional and other criteria, evaluations of effectivity of quality procedures, modifications to the quality procedures/criteria, accept/reject methodology, and rework criteria, procedures, and processes.

23. Current and historic information related to Race Sport's inventory location and total units of the Accused Infringing Products.

24. All information related to Race Sport's knowledge and understanding of the market in which the Accused Infringing Products compete or have competed.

25. Race Sport's management and organization structure, including, but not limited to, the identification of names, titles, and job responsibilities of any person, company, or business interest involved in business activities which concern the Accused Infringing Products, regardless of whether those business activities are here in the United States or abroad.

26. The factual bases for Race Sport's contentions that it does not, and never has, directly or indirectly infringed any claims of the Patents in Suit.

27. The factual bases for Race Sport's contentions that the claims of the Patents in Suit are invalid.

28. The factual bases for Race Sport's affirmative defense that Putco's claims are barred by the equitable doctrines of waiver, estoppel, and/or acquiescence.

29. The factual bases to Race Sport's responses to discovery, including responses to Interrogatories and Document Requests and documents gathered and produced in response thereto.

30. All information related to Race Sport's claim of prior invention as to the patents in suit.