IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Putco, Inc., | ) |
|     *Plaintiff/ Counter-Defendant*, | ) ) ) Case No. 20 CV 50109 |
| v. | ) ) Magistrate Judge Lisa A. Jensen |
| Carjamz Com Inc., | ) ) |
|     *Defendant/Counter-Plaintiff*. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant's motion for a protective order concerning Plaintiff's Rule 30(b)(6) deposition notice [54] is granted in part and denied in part.

**I. Background**

Plaintiff Putco, Inc. filed suit against Defendant Carjamz Com Inc.[1] on March 17, 2020, alleging infringement of two of its patents. Dkt. 1. The patents at issue are directed toward an LED lamp with a flexible heat sink primarily used in headlights for motor vehicles. Defendant filed an answer asserting affirmative defenses and a counterclaim for non-infringement and invalidity, among other things. Dkt. 32.

On December 23, 2020, Plaintiff served a notice of deposition of Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6). Dkt. 57-1. The deposition notice identified 30 topics. Before the Court is Defendant's motion for a protective order to prevent Plaintiff from proceeding with the deposition notice as drafted, arguing that several of the Rule 30(b)(6) topics identified are overbroad, unduly burdensome, or irrelevant. Dkt. 54. Defendant has responded to the motion. Dkt. 59.

**II. Legal Standard**

Federal Rule of Civil Procedure 30(b)(6) addresses deposition discovery directed to a corporation. It states that a deposition notice "must describe with reasonable particularity the matters for examination[,]" and the corporation "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). Then, the corporation must prepare the designated person so that he/she can "testify about information known or reasonably available to the organization." *Id.*

---

[1] Defendant does business under the name Race Sports Lighting.

1

The scope of Rule 30(b)(6) is limited by Rule 26 which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 26 also allows a court, upon a showing of good cause, to enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Finally, Rule 26 requires that the court must limit the frequency or extent of discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

The party seeking the protective order must show good cause by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *EEOC v. Source One Staffing, Inc.*, No. 11 C 6754, 2013 WL 25033, at *3 (N.D. Ill. Jan. 2, 2013). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gordon v. Countryside Nursing & Rehab. Ctr., LLC*, No. 11 C 2433, 2012 WL 2905607, at *2 (N.D. Ill. July 16, 2012).

### III. Discussion

Defendant seeks to strike Plaintiff's Rule 30(b)(6) deposition notice for several reasons. Initially, Defendant argues that the deposition notice should be limited to 10 topics. Defendant's argument on the issue consists of one conclusory sentence: "Putco should be required to draft a new 30(b)(6) request with no more than ten topics, each of which should be required to meet the 'painstaking specificity' standard of the Seventh Circuit." Defendant's Memo at 4, Dkt. 55. However, Defendant has not specified an objection to all 30 topics in the deposition notice or cited any authority to support a limit of 10 topics. Without further support, the Court will not arbitrarily set a limit for deposition topics. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived[.]").

Next, Defendant argues that the temporal scope of the deposition topics, namely 2008 to the present, is not sufficiently limited. Defendant argues that this 12-year period is not reasonable given the small dollar amount in dispute[2] and that it seeks irrelevant information before the filing

---

[2] Steve Jergensen, Defendant's President, filed a declaration stating that the total sales for the products Plaintiff accuses of infringement is less than $500,000 over the entire time Defendant sold them, which is "an infinitesimal portion of Carjamz's revenue over that period." Dkt. 56.

2

date of the patents at issue, namely July 2015 and January 2016. Plaintiff responds that information dating back to 2008, the date when Defendant sought to add LED headlights to its product line, is reasonable given Defendant's claim of invalidity based on obviousness under 35 U.S.C. § 103.

Section 103 forbids issuance of a patent when "the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. Accordingly, information before the filing date of the patents at issue in this case is relevant to Defendant's affirmative defense. In Mr. Jergensen's declaration filed in support of Defendant's petition for Inter Partes Review of the patents at issue, he identified prior art dating back to 2014. Declaration at 13, Dkt. 59-2; *see Iris Corp. Berhad v. United States*, 84 Fed. Cl. 489, 493 (2008) (denying protective order to bar 30(b)(6) deposition regarding knowledge of potential prior art). Accordingly, at this stage in the discovery process, the Court finds that a temporal scope of 2014 to the present appropriate.

Defendant also raises specific objections to several of the Rule 30(b)(6) topics. The Court will address each argument in turn.[3]

> **Topic 5: All information related to market share, loss and potential loss of market share by Putco, and other alleged and/or potential harm to Putco by Race Sport's offer and sale of Accused Infringing Products.**

Defendant argues that this topic should be stricken because it is overbroad, burdensome, and irrelevant. Defendant argues here, and in relation to all the topics below requesting "all information," that such a request does not meet the "painstaking specificity" standard of the Seventh Circuit. Defendant's Memo at 6, Dkt. 55. The sole case Defendant relies on, *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000), cited to a district of Minnesota case that used the term "painstaking specificity" to support its decision that a generic deposition notice did not meet the "reasonable particularity" standard under Rule 30(b)(6). Accordingly, this Court will similarly evaluate the disputed topics under the "reasonable particularity" standard set out in the rule. *See In re Peregrine Fin. Grp. Customer Litig.*, No. 12 C 5546, 2015 WL 1344466, at *9 (N.D. Ill. Mar. 20, 2015) (finding that the plain language of Rule 30(b)(6) contradicts the claim that a party must designate the scope of inquiry with "painstaking specificity" as opposed to "reasonable particularity"); *Janko Enterprises v. Long John Silver's, Inc.*, No. 3:12-CV-345-S, 2014 U.S. Dist. LEXIS 185334, at *19 (W.D. Ky. Apr. 2, 2014) (same).

In doing so here, the Court finds Plaintiff's request for "all information" reasonably particular because it relates only to the harm caused to Plaintiff by selling the accused infringing products, which is relevant to damages. It is also not so broadly written that Defendant cannot prepare a witness to testify to the topic. The Court also does not find Defendant's claimed burden sufficient to warrant a protective order. Defendant currently employs only 14 people, and Plaintiff points to two individuals that Mr. Jergensen identified as particularly knowledgeable on this topic. This is not an unreasonable number of people to question to determine the information known or reasonably available to Defendant.

---

[3] In its response to Defendant's motion, Plaintiff withdrew Topics 2 and 6. Dkt. 59.

3

Defendant also argues that because it plans to retain an expert to opine on damages, this topic would be better suited to address during expert discovery. While this may be true, Rule 30(b)(6) only requires testimony "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). If Defendant is not in possession of information related Plaintiff's market share and it is not reasonably available to it, Defendant will not be required to generate the information or provide the opinions of its experts before such disclosures are due. Accordingly, the Court denies Defendant's request to strike this topic.

> **Topic 7: Race Sport's knowledge of LED headlight kits, including, but not limited to: LED headlight kits having solid metal heat sinks, LED headlight kits with flexible heat sinks, and dates Race Sport acquired said knowledge.**

Defendant argues that this topic is overbroad and burdensome because it encompasses numerous products unrelated to the accused products at issue here. Mr. Jergensen states that Defendant has dealt with thousands of different LED headlight kits and presently sells about 170 different kits, and that preparing a person on this topic would take several weeks. Dkt. 56. The Court agrees that this topic is overbroad. Plaintiff's allegations of infringement in the complaint only reference products with flexible heat sinks, not solid metal heat sinks. Complaint at 7, Dkt. 1. Plaintiff states it is seeking Defendant's knowledge of the design innovation within the LED headlight industry. Nevertheless, such knowledge must relate to the accused products in this case, not the entire LED headlight industry. Accordingly, this topic is limited to Defendant's knowledge of LED headlights as it relates to the accused products.

> **Topic 12: Race Sport's use of the Gen4 mark, and knowledge of the use by third-parties of the use of the Gen4 mark, further including Race Sport's Trademark Reg. No. 4,863,274.**

Defendant argues that this topic is overbroad and irrelevant because Defendant's Gen4 trademark has no relevance to this action. Plaintiff responds that Defendant's adoption and use of the Gen4 mark is relevant to issues of obviousness and may develop useful information on Defendant's relationships with Chinese manufacturers and efforts to introduce infringing products in the United States. Plaintiff has not indicated how Defendant's relationships with Chinese manufacturers is relevant to the claims or defenses in this case. Nevertheless, the Court finds this topic relevant on issues of obviousness because the Gen4 Series is one of the product lines that Defendant sold the accused products under. However, Defendant's use of the mark is only relevant as it relates to the accused products or the prior art at issue. *Tactical Med. Sols., Inc. v. Karl*, No. 14 C 06035, 2019 WL 2435859, at *8 (N.D. Ill. June 11, 2019) (evaluating obviousness based on: "(1) the scope and content of the prior art, (2) differences between the prior art and the claims at issue, (3) the level of ordinary skill in the pertinent art, and (4) the presence of objective indicia of nonobviousness such as commercial success, long felt but unsolved needs, failure of others, and unexpected results."). Accordingly, this topic is limited to Defendant's use of the mark as it relates to the accused products or relevant prior art.

> **Topic 18: Race Sport's current and historic sourcing, manufacturing, assembly, and/or distribution of the Accused Infringing Products and LED headlight kits with a solid metal heat sink.**

4

Defendant argues that this topic is overbroad and irrelevant because Plaintiff does not allege that Defendant's LED headlight kits with a solid metal heat sink infringe. Plaintiff responds that this information is relevant to issues of obviousness. This Court agrees, but only to the extent that LED headlight kits with a solid metal heat sink are related to the accused products or relevant prior art.

**Topic 19: All information relating to dealers authorized to distribute LED headlight kits on behalf of Race Sport.**

Defendant takes issue with the request for "all information," arguing that such a request makes this topic overbroad and irrelevant. Plaintiff responds that its request for "all information" is not literal but was instead meant to ensure Defendant makes a reasonably diligent effort to provide facts related to this case in light of concerns that Defendant has not fully responded to discovery requests to date. Regardless of concerns over Defendant's discovery obligations, as written, the request for all information related to authorized dealers is overly broad. Accordingly, the Court will grant Defendant's request to strike this topic. If Plaintiff should amend this topic, it should specify the type of information it seeks about Defendant's dealers as it relates to the accused products.

**Topic 20: All information relating to any agreements, contracts, licenses, and/or assignments regarding the Patents in Suit or any patents of similar subject matter to the Patents in Suit.**

Defendant argues that the topic is overbroad because it requests information about patents that are not at issue in this action but admits that it already produced license agreement for similar patents. Plaintiff responds that license agreements within the automotive lighting industry are relevant to damages. This Court agrees that license agreements for the patents at issue in this case and similar patents are relevant to the appropriate measure of damages. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2007 WL 704525, at *2 (N.D. Ill. Mar. 1, 2007) (granting motion to compel accused infringer to produce documents and respond to interrogatories regarding accused infringer's patent licenses because the material was relevant to damages even though the accused infringer's patents were not related to the identical patented technology they were "comparable," and therefore could have relevance in a reasonable royalty determination). Accordingly, Defendant's request to strike this topic is denied.

**Topic 24: All information related to Race Sport's knowledge and understanding of the market in which the Accused Infringing Products compete or have competed.**

Defendant argues that this topic is overbroad because it requests all knowledge Defendant has of the vehicle headlight market and encompasses every headlight kit it has ever sold. Plaintiff responds that Defendant's knowledge in functioning within the marketplace is relevant to damages and issues of obviousness. The Court agrees that this is a relevant topic and also finds it specific enough to allow Defendant to designate and prepare a representative to testify. Mr. Jergensen acknowledges that multiple employees of Defendant have knowledge of this market but asserts that it would take several weeks to properly prepare a single person to be able to recall all of the

information encompassed by this request. Dkt. 56. However, Rule 30(b)(6) explicitly contemplates that the corporation may need to designate more than one corporate representative to "testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Accordingly, Defendant's request to strike this topic is denied.

> **Topic 29: The factual bases to Race Sport's responses to discovery, including responses to Interrogatories and Document Requests and documents gathered and produced in response thereto.**

Defendant argues that this topic is overbroad and burdensome because the discovery responses cover a myriad of topics and such a request is better suited for a contention interrogatory. Plaintiff responds that in light of its concerns over Defendant's document retention and the scope of its search for responsive documents in discovery, Plaintiff included this topic to determine Defendant's efforts to identify and produce relevant information in discovery. Plaintiff points to Mr. Jergensen's recent testimony that some email attachments were not provided and Defendant's failure to provide the 2016 cease and desist letter Plaintiff served on Defendant. Accordingly, the Court finds that Plaintiff has provided an adequate factual basis to permit deposition questions on this topic. *In re Caesars Entm't Operating Co., Inc.*, No. 15 B 1145, 2018 WL 2431636, at *13 (Bankr. N.D. Ill. May 29, 2018) (allowing second Rule 30(b)(6) deposition where there was a factual basis to question party's compliance with discovery). Defendant's citation to *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361 (S.D.N.Y. 2002) does not change this Court's decision to allow this topic, as opposed to requiring an interrogatory, because in that case the court denied Rule 30(b)(6) topics requesting factual information as irrelevant and protected by work product and only referenced use of an interrogatory briefly. *See also Milwaukee Elec. Tool Corp. v. Chervon N. Am., Inc.*, No. 14-CV-1289-JPS, 2015 WL 4393896, at *5 (E.D. Wis. July 16, 2015) ("Parties to litigation do not have to accept their opponent's statement that all relevant evidence has been produced via a given discovery vehicle—they are entitled to test this assertion in questioning witnesses during depositions.").

> **Topic 30: All information related to Race Sport's claim of prior invention as to the patents in suit.**

Defendant argues that this topic requests irrelevant information because the date of filing is what is relevant, not the date of invention. Plaintiff disagrees and argues that because Defendant alleges Plaintiff's patents are invalid, Defendant must show an earlier date of invention such that its prior art pre-dates Plaintiff's public disclosure of invention, not just an earlier date of public use or filing. The Court agrees that prior art pre-dating the filing date of the patents at issue is relevant to issues of obviousness, and the Court need not decide the parties' dispute over the proof necessary to support any underlying claim. Accordingly, the Court denies Defendant's request to strike this topic.

## IV. Conclusion

       Defendant's motion for a protective order is granted in part and denied in part. Defendant's motion is granted with respect to temporal scope, along with the limitations set out above relating to topics 7, 12, 18, and 19. Defendant's motion for a protective order is denied in all remaining respects.

Date: February 10, 2021                    By:     */s/ Lisa A. Jensen*
                                                               Lisa A. Jensen
                                                               United States Magistrate Judge